# IN THE COURT OF APPEALS OF IOWA

No. 19-0203
Filed May 1, 2019

**IN THE INTEREST OF K.H. and K.H.,**
**Minor Children,**

**J.H., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals the termination of his parental rights to his two children. **AFFIRMED.**

Eric J. Dale, Clinton, for appellant.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Barbara E. Maness, Davenport, guardian ad litem for minor children.

Considered by Vogel, C.J., and Mullins and Bower, JJ. Tabor, J., takes no part.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his two children.[1] On appeal, the father only argues the Iowa Department of Human Services (DHS) failed to make reasonable efforts toward reunification. Although the father's argument is somewhat unclear, he appears to assert reasonable efforts were not made because DHS failed to timely investigate relative placement with the paternal grandmother. He also seems to assert he should have been offered additional services. Our review is de novo. *See In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).

The children were removed from the parents' care in November 2017. They were adjudicated children in need of assistance in December. Although the father states he "requested guardianship for his children with the paternal grandmother at the time of adjudication," the record on appeal does not disclose such a request was made.[2] Nor does the record disclose that the father requested DHS explore relative placement at the January 2018 dispositional hearing or the May review hearing. In August, the State petitioned for termination, and a termination hearing was ultimately held in January 2019. The father did not appear at the hearing, and his counsel took "no position" at the hearing and did not contest the reasonableness of DHS's efforts. It is true that the evidence presented at the termination hearing revealed that relative notifications were not sent out until around July 2018 and a home study as to the grandmother pursuant to the

---

[1] The juvenile court also terminated the parental rights of the children's mother. She does not appeal.

[2] The only transcript contained in the record on appeal is for the termination hearing. The only sources from which we can discern the details of the remaining hearings are the juvenile court orders following those hearings.

interstate compact on the placement of children was not requested until October. In its termination order, the juvenile court plainly stated its displeasure with the delays and overall lack of diligence in the completion of the home study. However, absent from the record is any objection to the court whatsoever by the father concerning the reasonableness and adequacy of efforts by DHS as to pursuing relative placement or providing any other reunification service.

"DHS is to provide 'every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child.'" *Id.* at 528 (quoting Iowa Code § 232.102(7)). "While the State has the obligation to provide reasonable reunification services," a parent carries "the obligation to demand other, different or additional services prior to the termination hearing." *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). A parent's failure to alert the juvenile court about concerns regarding the adequacy of DHS's efforts waives the issue of reasonable efforts. *See In re L.M.*, 904 N.W.2d 835, 840 (Iowa 2017); *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). Here, the father lodged no complaint about DHS's efforts in pursuing relative placement or providing services for reunification. The father has thus waived the opportunity to raise the challenges on appeal.

We affirm the termination of the father's parental rights.

**AFFIRMED.**